IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-47,317-05






EX PARTE WINFRED RAY RANDALL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 89-0260A IN THE 71
ST JUDICIAL DISTRICT COURT


FROM HARRISON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to robbery and was
sentenced to twenty-five years' imprisonment. He did not appeal his conviction. 

 Applicant contends inter alia that his plea was involuntary because was not properly advised
or admonished about the conditions of the plea agreement or the applicable punishment range for
the offense as enhanced by two prior felony convictions. According to Applicant, it was his
understanding, based on counsel's advice, that he was pleading guilty to robbery, a second degree
felony, and that in exchange for his guilty plea the State had agreed to waive the enhancement
allegations. Applicant also alleges that he believed, again based on counsel's advice, that he was to
receive a twenty-year sentence. The habeas record does not contain copies of a plea agreement or
the trial court's admonishments as to the punishment range for the offense. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex
parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id. If the trial court elects to
hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes
to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The court shall make findings as to whether Applicant was
properly admonished as to the punishment range for the offense including the enhancement
allegations. If there were written admonishments, the court shall supplement the habeas record with
a copy of those admonishments. The trial court shall also make findings as to whether Applicant
pleaded guilty pursuant to a plea agreement, and if so the court shall supplement the record with a
copy of the agreement or with a transcript of any portion of the plea hearing in which the conditions
of the plea were discussed. After providing Applicant's trial counsel with the opportunity to respond
to Applicant's claims, the trial court shall make findings as to whether counsel properly
communicated the conditions of the plea agreement, if there was such an agreement, to Applicant. 

The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 13, 2006

Do not publish